UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **William Johnson and Suzanne Johnson,** | Civil No. 10-CV-4733 (SRN/SER) |
| Plaintiffs, | |
| v. | MEMORANDUM AND ORDER |
| **Avient, Ltd., Avient Aviation Private Ltd., The Boeing Company,** | |
| Defendants. | |

David L. Fiol and Joseph P. Brent, Brent & Fiol, LLP, 222 Kearny Street, Suite 650, San Francisco, California 94108, and John. M. Dornik, Mackenzie & Dornik, P.A., 150 South Fifth Street, Suite 2500, Minneapolis, Minnesota 55402, for Plaintiffs.

Christopher Carlsen, Clyde & Co US LLP, 405 Lexington Avenue, New York, New York 10174, and Mary E. Bolkcom, Hanson Bolkcom Law Group, Ltd., 527 Marquette Avenue, Suite 2300, Minneapolis, Minnesota 55402, for Avient Defendants.

Mark A. Fredrickson and Matthew S. Frantzen, Lind Jensen Sullivan & Peterson, PA., 150 South Fifth Street, Suite 1700, Minneapolis, Minnesota 55402, for Defendant Boeing Company.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on a Motion to Dismiss for lack of personal jurisdiction filed by Defendants Avient, Ltd., and Avient Aviation Private Ltd. (collectively, "Avient"). [Doc. No. 8]. For the reasons that follow, the Motion is denied without prejudice.

**I.    BACKGROUND**

In November 2009, an MD-11 airplane crashed shortly after taking off from the Shanghai-Pudong airport in China. The airplane was en route to Bishek, Krygyzstan, on a pilot training flight. The three members of the flight crew died in the accident; four people on board

1

the plane, including Plaintiff William Johnson, survived. Johnson and his wife Suzanne brought this lawsuit against Avient, the operator of the aircraft, and Boeing, the manufacturer of the aircraft. Johnson claims that the crash was caused both by the negligence of the flight crew and by the negligent and defective design of the aircraft. (Compl. ¶¶ 18-19.) He seeks damages for the extensive injuries he suffered in the crash, as well as for his wife's loss of consortium.

Avient contends in this Motion that it has insufficient contacts with the state of Minnesota to warrant the exercise of this Court's personal jurisdiction over it.[1] According to the Complaint, the Avient entities provide air cargo transportation services throughout the world, and the entities are licensed under the laws of Zimbawbe or the United Kingdom, with their principal places of business in England. (Id. ¶ 4.) The Complaint alleges that Avient hired Mr. Johnson, a Minnesota resident, to recruit, hire, train, and prepare flight crews to fly newly acquired MD-11 aircraft for Avient. Avient knew and expected Johnson to work out of his Minnesota home, provided him with a credit card and mobile phone that he used from and in Minnesota, and "repeatedly communicated and exchanged documents with [him] by telephone, email, and conventional mail or private package delivery services, knowing and intending that their communications and messages would be received by Mr. Johnson at his Minnesota home." (Id. ¶ 12.)

## II.     DISCUSSION

"To survive a motion to dismiss for lack of personal jurisdiction, the plaintiff need only make a prima facie showing of personal jurisdiction over the defendant." Digi-Tel Holdings,

---

[1] As discussed below, Avient also argues that there is no subject matter jurisdiction over Avient Aviation, and that the claims against Avient, Ltd., fail to state a claim on which relief can be granted.

Inc. v. ProTeq Telecomm., Ltd., 89 F.3d 519, 522 (8th Cir. 1996).  The Court views the evidence in the light most favorable to the plaintiff and all factual disputes must be resolved in the plaintiff's favor.  Id.

The general test for deciding whether a federal court may exercise personal jurisdiction over a civil defendant is well settled.  First, the court must determine whether the forum state's long-arm statute subjects the defendant to jurisdiction.  Second, the exercise of jurisdiction must comport with the due process requirements of the Fifth Amendment.  Where the relevant state long-arm statute extends as far as due process allows, as does Minnesota's, the two inquiries are codeterminate.  See Minn. Stat. § 543.19; Dotmar, Inc. v. Niagra Fire Ins. Co., 533 N.W.2d 25, 29 (Minn. 1995) (describing reach of Minnesota's long-arm statute).

In order to satisfy the due process clause, a defendant must have "minimum contacts [with the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)).  The defendant's "contacts" with the forum state generally must not arise due to mere fortuity, but must arise because the defendant has "purposefully availed" itself of the privilege of conducting activities in the state.  Hanson v. Denckla, 357 U.S. 235, 253 (1958); Digi-Tel Holdings, Inc. v. ProTeq Telecomm., Ltd., 89 F.3d 519, 522 (8th Cir. 1996).

"[T]hose who live or operate primarily outside a State have a due process right not to be subjected to judgment in its courts as a general matter."  J. McIntyre Mach., Ltd. v. Nicastro, — U.S. —, 2011 WL 2518811, at *6 (June 27, 2011).  However, when a defendant "purposefully avails itself of the privilege of conducting activities within" a state, Hanson v. Denckla, 357 U.S.

235, 253 (1958), a state's exercise of jurisdiction over that defendant is proper "'in a suit arising out of or related to the defendant's contacts with the forum.'" Nicastro, 2011 WL 2518811, at *6 (quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.8 (1984)). "The question is whether a defendant has followed a course of conduct directed at the society or economy existing within the jurisdiction of a given sovereign, so that the sovereign has the power to subject the defendant to judgment concerning that conduct." Id. at *8.

Avient raised several challenges to this Court's jurisdiction, and also contended that summary judgment was appropriate as to whether Plaintiffs could maintain a claim against Avient, Ltd. At the hearing, however, Avient conceded that the presence of factual disputes rendered the arguments regarding Avient, Ltd., and the application of the Montreal Convention inappropriate for resolution at this stage. Having considered Avient's remaining contentions regarding personal jurisdiction, the Court finds that any decision on the Motion must await further development of the factual record.

For example, Avient points to several facts to show that it does not have the requisite "minimum contacts" with Minnesota to support the exercise of this Court's jurisdiction. According to Avient, it does not conduct or solicit any business in Minnesota, it is not licensed or authorized to do business in Minnesota, it does not have an agent or employees in Minnesota, nor does it have any offices, telephone numbers, mailing addresses or bank accounts in Minnesota, it does not have any interest in any property in Minnesota, and it pays no taxes to Minnesota. (Defs.' Supp. Mem. at 10-11.) Avient notes that Johnson's actual employer was an entity called ACI, not Avient, and further that the accident that injured Johnson occurred in China, far from Minnesota.

But Johnson contends that Avient encouraged and directed him to work from his home in Minnesota, in large part because Avient wanted to take advantage of the United States's comparatively large population of qualified MD-11 pilots. Johnson argues that he had no office in Avient's European headquarters and that his duties required him to be in the United States, closer to the qualified pilots and to Boeing, the manufacturer of the MD-11. Johnson avers that Avient "specifically instructed" him to stay in Minnesota and work from Minnesota. (Pls.' Opp'n Mem. at 9 (citing W. Johnson Aff. ¶ 30-32).) Moreover, Johnson contends that he entered into contracts on Avient's behalf from Minnesota, and made purchases on Avient's behalf in Minnesota. (Id. at 10.) He concludes that, because he was Avient's agent and was located in Minnesota, Avient reaped the benefits of his location and "purposefully availed" itself of the privilege of conducting business in Minnesota. Therefore, he argues that Avient is subject to the Court's personal jurisdiction. (Id. at 12.)

As stated at the hearing, the record before the Court is replete with factual disputes such as these. The Court therefore believes that limited discovery into the jurisdictional issues is appropriate. Thus, the Court will order the parties to meet with Magistrate Judge Rau to formulate an expedited discovery plan regarding all of the issues raised in this Motion. After the completion of this limited discovery, the parties may re-assert any motions they believe appropriate. The Motion is therefore denied without prejudice.

## III.   CONCLUSION

The factual record at this early stage of the proceeding contains too many disputes as to whether personal jurisdiction exists over the Avient entities for the Court to make a sound judgment on that issue. Rather than entertain the Motion on such a record, the Court will instead

deny the Motion without prejudice, and require the parties, with the assistance of the Magistrate Judge, to formulate an expeditious discovery plan limited to the issues the Motion raises.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendant's Motion to Dismiss [Doc. No. 8] is **DENIED without prejudice**; and

2. The parties are **ORDERED** to meet with Magistrate Judge Rau to determine a limited discovery plan for the issues raised by the Motion.

Dated: July 18, 2011

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge